[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED ORDERS RE DISSOLUTION
CT Page 1070-d
Both parties have been residents of State of Connecticut for more than one year before the bringing of this action. The court has jurisdiction.
1. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown.
2. The parties shall share joint custody of the minor sons, primary residence of the sons will be with the defendant. Both parents shall have equal access to all school and medical records, files, notes, information, etc., concerning the minor sons.
3. The plaintiff shall have open and flexible visitation. At a minimum, this will include visitation every Wednesday evening beginning at 5:00 p.m. until 6:00 a.m. the following morning when the father will take the children to their mother at her home. Every third weekend, as plaintiff's work schedule permits, plaintiff will have visitation from Friday at 5 p.m. until Sunday evening at 6 p.m., provided if the children do not have school on the immediately following Monday, the visitation may be extended until 6 p.m. Monday evening. During school vacation weeks, plaintiff shall have overnight visitation with the children for at least three days and two nights. Plaintiff shall have visitation for two weeks during the children's summer vacation. The plaintiff and defendant will alternate having the children on the following major holidays: New Year's Day, Easter, Memorial Day, July 4th, Labor Day, Thanksgiving, Christmas Eve, and a Christmas Day.
4. Plaintiff shall pay defendant child support in the amount of $200 per week. Plaintiff may pay this weekly support amount every other week coinciding with his biweekly receipt of his pay from his employer; the plaintiff shall pay the defendant the amount due in child support within two days after he receives his biweekly pay.
5. Defendant shall maintain the minor sons on the health insurance available through her employer.
6. If medical and dental expenses are incurred for the minor sons which are not covered by insurance, such expenses as exceed $100 in a calendar year shall be shared by the parties; plaintiff shall pay 40 percent, defendant 60 percent.
7. Plaintiff shall pay alimony of $50 per week for thirty months CT Page 1070-e beginning February, 2001; provided however, such alimony obligation shall cease on the defendant's marriage or the death of either party. Plaintiff shall pay the defendant the alimony within two days after he receives his biweekly pay.
8. Plaintiff shall pay defendant eight thousand dollars ($8000). Two thousand dollars ($2000) thereof shall be paid within 30 days of this date. The remaining six thousand ($6000) dollars shall be paid within three years of this date. Any amount still unpaid as of one year from this day shall bear interest at the rate of 6 percent per year.
9. Each party shall be solely responsible for the debt(s) listed on his/her financial affidavit.
10. As long as either son has not reached eighteen years of age, each party shall maintain, unencumbered, life insurance in the amount of at least $50,000 on his/her her life naming the minor sons as beneficiaries, provided, such life insurance is available via a group plan through that party's employment.
11. Each party may file federal and state income tax returns for the year 2000 separately, provided if they agree, they may file jointly. If they choose to file such returns separately, each party will be entitled to claim one of the minor children as an exemption for the tax year 2000 and each succeeding year, provided plaintiff has paid all the required child support for that tax year. When only one exemption can be claimed, the parties may claim the exemption in alternate years; plaintiff may claim the child exemption in the first year when only one exemption is available, the defendant in the following year.
12. Each party shall retain exclusive ownership of his/her deferred compensation account.
13. Defendant shall retain and/or have sole ownership of the Cadillac Catera automobile and shall be solely responsible for the debt incurred in purchasing same.
14. Plaintiff shall have exclusive ownership of the automobile he drives. Defendant shall execute all documents necessary to effect plaintiff's sole ownership thereof. Plaintiff shall be solely responsible for the debt incurred in purchasing same.
15. The plaintiff shall pay $800 to defendant as a contribution for her attorneys' fees. Such payment shall be made within 90 days. CT Page 1070-f
16. Defendant's name before this marriage, Sonsecharay Hayes is restored.
17. Judgment shall enter as of January 23, 2001.
18. Counsel are directed to prepare the judgment file.
Parker, J.